**Order filed June 12, 2012**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-12-00011-CV

————————

**J.C. WALTER, III, ET. AL., Appellants**

**V.**

**MARATHON OIL CORPORATION AND MARATHON E.G. LPG LIMITED, Appellees**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-58805**

---

## A B A T E M E N T   O R D E R

The parties filed an agreed motion to file appellate briefing under seal. Attached to the motion is a "Temporary Sealing Order" signed December 6, 2011, in which the trial court temporarily sealed documents in the case below. The trial court's order is a temporary sealing order; it does not set a hearing pursuant to Texas Rule of Civil Procedure 76a for a permanent sealing order.

Court records "are presumed to be open to the general public." Tex. R. Civ. P. 76a(1). The sealing of a record must meet the procedural prerequisites set forth in Rule

76a. *See Davenport v. Garcia*, 834 S.W.2d 4, 23–24 (Tex. 1992). Section 4 of Rule 76a provides:

> **4. Hearing**. A hearing, open to the public, on a motion to seal court records shall be held in open court as soon as practicable, but not less than fourteen days after the motion is filed and notice is posted. Any party may participate in the hearing. Non-parties may intervene as a matter of right for the limited purpose of participating in the proceedings, upon payment of the fee required for filing a plea in intervention. The court may inspect records in camera when necessary. The court may determine a motion relating to sealing or unsealing court records in accordance with the procedures prescribed by Rule 120a.

The parties' motion does not reflect that the trial court held a hearing as required by Rule 76a. Before restricting public access to filed court records, the court must comply with the procedural requirements of the rule, including motion, posted notice, public hearing, and public order. *See* Tex. R. Civ. P. 76a(3)–(4), (6); *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520 523–24 (Tex. 1998). The appellate court may seal the appellate record on an agreed motion when the trial court has properly ordered court records sealed.

We ORDER the judge of the 295th District Court to immediately conduct a hearing at which appellants, appellees, and their counsel shall be present to determine whether the record and briefs in this case constitute court records under Rule 76a, and if they do, to hold the Rule 76a hearing and determine whether the documents should be sealed. *See* Tex. R. Civ. P. 76a(1), (8).

The trial judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **July 12, 2012.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate

the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM


Panel consists of Justices Frost, Boyce, and McCally.